IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SKYLINE DESIGN, INC. an Illinois Corporation,<br><br>*Plaintiff,*<br><br>v.<br><br>VITRE, INC., a New York corporation, and GMD INDUSTRIES and DESIGNER GLASS, INC. a New York corporation.<br><br>*Defendants.* | FILED STAMPED: JULY 16, 2008<br>08CV4043<br>JUDGE ANDERSEN<br>MAG. JUDGE VALDEZ<br>J. N.<br><br>CASE NO. |

## VERIFIED COMPLAINT

**NOW COMES** the Plaintiff, SKYLINE DESIGN, INC., an Illinois corporation ("SKYLINE"), by and through its attorneys, FUCHS & ROSELLI, LTD., and as and for *Verified Complaint* ("COMPLAINT") as and against Defendants, VITRE, INC., a New York Corporation ("VITRE") and GMD INDUSTRIES and DESIGNER GLASS, INC. a New York Corporation ("GMD INDUSTRIES") (VITRE and GMD INDUSTRIES referred to collectively as "DEFENDANTS" wherever applicable), states as follows:

### JURISDICTIONAL STATEMENT

1.     This COMPLAINT arises from VITRE, INC. and GMD INDUSTRIES unauthorized and improper use of SKYLINE's federally registered copyright on its original design of a two-dimensional architectural glass etching which it labeled and registered as "Sateen" ("SATEEN").

2.     SKYLINE is an Illinois corporation with its principal place of business located at 1240 N. Homan Ave., Chicago, Illinois.

3.     VITRE is a corporation organized and existing under the laws of the State of New York with its principal place of business in New York, New York.

4.      GMD INDUSTRIES is a corporation organized and existing under the law of the State of New York with its principal place of business in New York, New York.  Upon information and belief, GMD INDUSTRIES creates architectural glass and is a purchaser and distributor of VITRE'S glass designs.

5.      The amount in controversy in this matter, exclusive of interest and costs, exceeds the sum of $75,000. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1332 & 1338, 17 USCA §101 et. seq., and, with respect to certain claims, 28 U.S.C. §1367.

6.      Venue is proper in this forum pursuant to 28 U.S.C. §1400(a).

## ALLEGATIONS COMMON TO ALL COUNTS

### The Sateen Design and Copyright

7.      SKYLINE is in the business of, among other things, creating and designing unique architectural glass etchings, textured glass, and opaque surfaced glass.

8.      SKYLINE markets its products to architects and designers, who specify architectural glass products for its clients.

9.      SKYLINE created a two-sided decorative architectural glass etching which it labeled "Sateen" ("SATEEN") in 2003.

10.     SKYLINE spent a great deal of time and money in the creation and development of its original design of SATEEN.

11.     SKYLINE incurred a great deal of expense in promoting the SATEEN.

12.     SKYLINE obtained a Certificate of Registration ("CERTIFICATE") for the SATEEN from the United States Copyright Office on May 9, 2006.  A copy of the CERTIFICATE is attached hereto as **Exhibit A**.

2

13.    The CERTIFICATE is current and valid.

14.    SKYLINE has the exclusive right to use, sell and distribute its SATEEN.

15.    SKYLINE has continuously manufactured the SATEEN since its creation in 2003 and continuing since its registration.

16.    SKYLINE has the exclusive rights to utilize and license the SATEEN in the United States, which includes the right to sue for infringement.

17.    SKYLINE has invested substantial effort over a long period of time, including the expenditure of substantial sums of money, to develop goodwill in its designs and copyrights, and to cause consumers throughout the United States to recognize its SATEEN as its own distinct and original design.

18.    Upon information and belief, VITRE improperly and without authority caused to have created patterned designs identical to the SATEEN.  One such design is referenced as identity numbers 5180.0092 ("5180.0092") and 8968.4669 ("8968.4669").  A copy of VITRE'S design known as 5180.0092 is attached hereto as **EXHIBIT B**.

19.    Upon information and belief, GMD INDUSTRIES purchased and distributed 5180.0092 and/or 8968.4669 to third parties for profit for itself and/or VITRE.

**Correspondences between the Parties**

20.    On May 29, 2008, counsel for SKYLINE sent a letter to VITRE and GMD INDUSTRIES advising of it having learned that VITRE was or was intending to violate SKYLINE's CERTIFICATE of the SATEEN by use of designs that duplicates that of the SATEEN. A copy of the May 29, 2008 letter is attached hereto as **EXHIBIT C**.

21.    In the May 29, 2008 letter, SKYLINE notified VITRE and GMD INDUSTRIES "to immediately cease and desist manufacturing or selling products which infringes on SKYLINE'S

3

copyright." *See* **EXHIBIT C**.

22.    On June 5, 2008, VITRE sent a letter to SKYLINE advising that "it based the design of the 5180.0092 pattern exclusively on the architect's design criteria and request. In any case, this design has been set aside and will not be used." A copy of the June 5, 2008 letter is attached hereto as **Exhibit D**. VITRE further stated that it and as far as it knows, GMD, do not stock and have not made any product that would be considered similar to or based on any of SKYLINE's patterns. See **Exhibit D**.

### Skyline Loses Contract for Sateen Pattern to Vitre

23.    Upon information and belief, in May 2008, VITRE provided a quote for a glass pattern identical to the SATEEN pattern for the Milbank, Tweed, Hadley & McCloy LLP project ("Milbank Tweed Project") in New York.

24.    During the same time VITRE provided a quote, SKYLINE provided quotes to several of its glass glaziers for the SATEEN pattern for the Milbank Tweed Project. SKYLINE's quoted costs for the Milbank Tweed Project were lower than VITRE's quote.

25.    In July 2008, SKYLINE was informed that one of its glass glaziers was awarded the job for the SATEEN pattern for the Milbank Tweed Project.

26.    After being awarded the Milbank Tweed Project, SKYLINE was informed that the general contractor did not want to proceed with SKYLINE's SATEEN pattern, but wanted to use VITRE's pattern for the project.

27.    As a result, on or about July 7, 2008, SKYLINE was notified that it had lost the SATEEN job for the Milbank Tweed Project to VITRE.

## COUNT I
## VIOLATION OF U.S. COPYRIGHT ACT
### (VITRE)

27.    SKYLINE repeats and restates paragraphs 1 through 28 of this COMPLAINT as if fully set forth as paragraphs 1 – 28 of Count I.

28.    Defendant VITRE is engaged in the business of custom glass manufacture and design.

29.    VITRE is in the same industry as SKYLINE.

30.    Upon information and belief, VITRE improperly and without authority caused to be created patterned designs identical and bearing a likeness thereof to the SATEEN.

31.    VITRE improperly and without authority caused to have created one design with identity numbers 5180.0092 and 8968.4669 which is virtually identical to the SATEEN.

32.    VITRE knew its design known as identity numbers 5180.0092 and 8968.4669 was identical to that of the SATEEN.

33.    VITRE knew at the time that it prepared the design known as identity numbers 5180.0092 and 8968.4669 and any other design which is a duplication or reproduction of the SATEEN or bears any likeness thereof that it would be infringing on the SATEEN.

34.    VITRE does not refer to SKYLINE as the owner of the copyright to the design known as 5180.0092 and 8968.4669 or any other patterned design by VITRE which is a duplication or reproduction of the SATEEN or bears any likeness thereof.

35.    VITRE has engaged in the business of selling SATEEN under a different name of its own creation.

36.    By selling the identical, copyrighted design, VITRE is infringing on SKYLINE'S CERTIFICATE and rights under the Copyright Act.

37.    Upon information and belief, VITRE has created designs in addition to the design

known as identity numbers 5180.0092 and 8968.4669 which are reproductions, duplications or bear likeness to the SATEEN and is manufacturing the designs within the United States.

38.    Upon information and belief, VITRE has created designs in addition to the design known as identity numbers 5180.0092 and 8968.4669 under various additional pattern codes which are reproductions, duplications or bear likeness to the SATEEN and is selling them in and outside the United States.

39.    The design known as identity numbers 5180.0092 and 8968.4669 has been sold within the United States and upon information and belief is being sold outside the United States.

40.    At no time has SKYLINE granted a license for the creation, use or sale of the SATEEN to VITRE.

41.    VITRE has not requested a license for the use of the design.

42.    VITRE has not paid SKYLINE for the use of the design.

43.    SKYLINE holds a valid copyright for the SATEEN.

44.    SKYLINE has publicized and made the SATEEN design known in the industry.

45.    Without the consent of SKYLINE and in complete disregard of SKYLINE's copyright and CERTIFICATE, VITRE has infringed and is infringing SKYLINE's copyright in the SATEEN by creating designs which are in any way reproductions, duplications or bear any likeness thereof to the SATEEN and offering the designs for sale.

## INJUNCTIVE RELIEF

46.    VITRE is in direct competition with SKYLINE with respect to the creation of architectural glass etching designs that are reproductions, duplications or bear likeness to the SATEEN.

47.    VITRE is in direct competition with SKYLINE by selling designs that are

reproductions, duplications or bear likeness to the SATEEN, including but not limited to 5180.0092 and 8968.4669, to potential customers of SKYLINE and offering the designs as original works of VITRE.

48.    VITRE does not refer to SKYLINE as the copyright holder of the design known as identity numbers 5120.0092 and 8968.4669.

49.    The unauthorized and infringing use by VITRE of the SATEEN will, unless enjoined, cause irreparable harm, damage, and injury to SKYLINE.

50.    The infringement of SKYLINE's copyright is presumed to cause irreparable harm, damage and injury to SKYLINE unless all such wrongful and illegal acts of VITRE are immediately enjoined.

51.    VITRE, by its unauthorized appropriation and use of SKYLINE's original architectural glass etching design, is engaging in acts of unfair competition, unjust enrichment.

52.    VITRE, by its unauthorized appropriation and use of SKYLINE's original architectural glass etching design, is engaging in acts of wrongful deception of the purchasing public and unlawful trading on SKYLINE's goodwill and the public acceptance of SKYLINE's original architectural glass etching design.

53.    The United States Copyright Act, 17 U.S.C. §502 allows for injunctive relief to prevent and restrain a copyright infringement.

## MONETARY DAMAGES

54.    As a direct and proximate result of VITRE's infringement of the copyrighted SATEEN, SKYLINE has sustained actual damages as defined in the Copyright Act of the loss of income and profits from the sale of the design known as identity numbers 5180.0092 and 8968.4669 and/or any other design identical in likeness to the SATEEN.

55.    As a direct and proximate result of VITRE's infringement of the copyrighted SATEEN, VITRE obtained profits from the wrongful infringement and use and sale of SKYLINE's copyrighted SATEEN.

56.    As a direct and proximate result of VITRE's infringement of the copyrighted SATEEN, SKYLINE will continue to sustain monetary damages and losses.

57.    As a direct and proximate result of VITRE's infringement of the copyrighted SATEEN, CARVART has wrongfully obtained and retained profits from the sale of the SATEEN to third parties, in violation of the Copyright Act.

58.    The United States Copyright Act, 17 U.S.C. §504 allows for monetary relief for copyright infringement in the form of damages and profits.

59.    The United States Copyright Act, 17 U.S.C. §505 allows for attorneys' fees and costs.

WHEREFORE, for the foregoing reasons, Plaintiff, SKYLINE DESIGN, respectfully prays this Honorable Court enter judgment in its favor and find that:

a)    VITRE, its agents, employees, successors and assigns, be preliminarily enjoined and thereafter permanently enjoined from using, constructing, producing, preparing, offering to sell, or selling the design known as identity numbers 5180.0092 and 8968.4669 and/or any other architectural glass etching design identical or bearing any likeness to the SATEEN;

b)    VITRE, its agents, employees, successors and assigns, be ordered to deliver under oath, to be impounded during the pendency of this action, all articles alleged to infringe SKYLINE's copyrighted architectural glass etching design called the SATEEN;

c)    VITRE, its agents, employees, successors and assigns, be ordered to deliver under oath for destruction all infringing blueprints, photocopies, plans and other means for making such infringing copies;

d)    VITRE has infringed SKYLINE's copyrighted SATEEN;

e)    VITRE be ordered to pay to SKYLINE all damages suffered by SKYLINE due to VITRE's unlawful acts as well as all profits which VITRE has made from such infringing acts, and damages that include SKYLINE's  costs and expenses;

8

f) SKYLINE be granted an Accounting of the costs, sale, net profits and gross profits associated with the making and sale of any design which is a duplication, reproduction or bears likeness to the SATEEN, including but not limited to the design known as identity numbers 5180.0092 and 8968.4669; and

g) SKYLINE be granted any other relief this Court deems fair and just.

## COUNT II
### (in the alternative)
## UNJUST ENRICHMENT
### (VITRE)

60. SKYLINE repeats and restates paragraphs 1 through 28 of this COMPLAINT as if fully set forth as paragraphs 1 – 28 of Count II.

61. Upon information and belief, VITRE has benefited from its wrongful and unauthorized use of SKYLINE's SATEEN in the creation and sale of designs which are reproductions, duplications or bear any likeness thereof to the SATEEN, including but not limited to its design known as identity numbers 5180.0092 and 8968.4669.

62. VITRE has not entered into a license agreement for such use, paid any royalty or other fees to SKYLINE in return for that benefit.

63. VITRE's failure to compensate SKYLINE constitutes unjust enrichment and has damaged SKYLINE.

WHEREFORE, for the foregoing reasons, SKYLINE respectfully requests this Honorable Court enter judgment in its favor on Count II of its COMPLAINT and any other relief it deems fair and just.

## COUNT III
## VIOLATION OF U.S. COPYRIGHT ACT
### (GMD INDUSTRIES, INC.)

64. SKYLINE repeats and restates paragraphs 1 through 28 of this COMPLAINT as if fully set forth as paragraphs 1 – 28 of Count III.

9

65.    Upon information and belief, Defendant GMD INDUSTRIES is engaged of creating custom etched, carved, painted, and architectural glass.

66.    Upon information and belief, GMD INDUSTRIES in the business of purchasing and distributing VITRE'S custom glass designs.

67.    Upon information and belief, VITRE acts as a sales representative of GMD INDUSTRIES products and services.

68.    Upon information and belief, GMD INDUSTRIES is in the same industry as SKYLINE.

69.    Upon information and belief, GMD INDUSTRIES improperly and without authority created, and/or purchased and/or distributed VITRE'S patterned designs identical and bearing a likeness thereof to the SATEEN.

70.    Upon information and belief, GMD INDUSTRIES improperly and without authority caused to have purchased and distributed on behalf of VITRE at least one design known as identity numbers 5180.0092 and 8968.4669, which is virtually identical to the SATEEN.

71.    Upon information and belief, GMD INDUSTRIES knew that VITRE'S design known as identity numbers 5120.0092 and 8968.4669 were identical to that of the SATEEN.

72.    Upon information and belief, GMD INDUSTRIES knew at the time that it created, and/or purchased and distributed VITRE'S design known as identity numbers 5120.0092 and 8968.4669 and any other design which is a duplication or reproduction of the SATEEN or bears any likeness thereof that it would be infringing on the SATEEN.

73.    Upon information and belief, GMD INDUSTRIES does not refer to SKYLINE as the owner of the copyright to the design known as identity numbers 5120.0092 and 8968.4669 or any other patterned design by GMD INDUSTRIES and/or VITRE which are a duplication or reproduction of the SATEEN or bears any likeness thereof.

74.    Upon information and belief, GMD INDUSTRIES is engaged in the business of manufacturing, purchasing, selling, and distributing the SATEEN under a different name of it or VITRE'S own creation.

75.    By selling the identical, copyrighted design, GMD INDUSTRIES is infringing on SKYLINE'S CERTIFICATE and rights under the Copyright Act.

76.    Upon information and belief, GMD INDUSTRIES has created, purchased, sold, and/or distributed designs in addition the design known as identity numbers 5120.0092 and 8968.4669 which are reproductions, duplications or bear likeness to the SATEEN and is purchasing and distributing the designs within the United States.

77.    Upon information and belief, GMD INDUSTRIES has purchased and distributed designs in addition to the design known as identity numbers 5120.0092 and 8968.4669 under various additional pattern codes which are reproductions, duplications or bear likeness to the SATEEN and is purchasing and distributing them in and outside the United States.

78.    The design known as identity numbers 5120.0092 and 8968.4669 has been sold within the United States and upon information and belief is being sold outside the United States.

79.    At no time has SKYLINE granted a license for the creation, use or sale of the SATEEN to GMD INDUSTRIES.

80.    GMD INDUSTRIES has not requested a license for the use of the designs.

81.    GMD INDUSTRIES has not paid SKYLINE for the use of the designs.

82.    SKYLINE holds a valid copyright for the SATEEN.

83.    SKYLINE has publicized and made the SATEEN design known in the industry.

84.    Without the consent of SKYLINE and in complete disregard of SKYLINE'S copyright and CERTIFICATE, GMD INDUSTRIES has infringed and is infringing SKYLINE'S copyright in the

SATEEN by purchasing and distributing designs which are in any way reproductions, duplications or bear any likeness thereof to the SATEEN and offering the designs for sale.

## INJUNCTIVE RELIEF

85.    Upon information and belief, GMD INDUSTRIES is in direct competition with SKYLINE with respect to the creating, purchasing and/or distribution of architectural glass etching designs that are reproductions, duplications or bear likeness to the SATEEN.

86.    Upon information and belief, GMD INDUSTRIES is in direct competition with SKYLINE by purchasing, selling, and/or distributing designs that are reproductions, duplications or bear likeness to the SATEEN, including but not limited to the design known as identity numbers 5120.0092 and 8968.4669, to potential customers of SKYLINE and offering the designs as original works of CARVART.

87.    GMD INDUSTRIES does not refer to SKYLINE as the copyright holder of the design known as identity numbers 5120.0092 and 8968.4669.

88.    The unauthorized and infringing use by GMD INDUSTRIES of the SATEEN will, unless enjoined, cause irreparable harm, damage, and injury to SKYLINE.

89.    The infringement of SKYLINE's copyright is presumed to cause irreparable harm, damage and injury to SKYLINE unless all such wrongful and illegal acts of GMD INDUSTRIES are immediately enjoined.

90.    GMD INDUSTRIES, by its unauthorized appropriation and use of SKYLINE's original architectural glass etching design, is engaging in acts of unfair competition, unjust enrichment.

91.    GMD INDUSTRIES, by its unauthorized appropriation and use of SKYLINE's original architectural glass etching design, is engaging in acts of wrongful deception of the purchasing public and unlawful trading on SKYLINE's goodwill and the public acceptance of SKYLINE's original

architectural glass etching design.

92.     The United States Copyright Act, 17 U.S.C. §502 allows for injunctive relief to prevent and restrain a copyright infringement.

## MONETARY DAMAGES

93.     As a direct and proximate result of GMD INDUSTRIES' infringement of the copyrighted SATEEN, SKYLINE has sustained actual damages as defined in the Copyright Act of the loss of income and profits from the sale of the design known as identity numbers 5120.0092 and 8968.4669 and/or any other design identical in likeness to the SATEEN.

94.     As a direct and proximate result of GMD INDUSTRIES' infringement of the copyrighted SATEEN, upon information and belief, GMD INDUSTRIES, obtained profits for itself and/or on behalf of VITRE from the wrongful infringement and use and sale of SKYLINE's copyrighted SATEEN.

95.     As a direct and proximate result of GMD INDUSTRIES' infringement of the copyrighted SATEEN, SKYLINE will continue to sustain monetary damages and losses.

96.     As a direct and proximate result of GMD INDUSTRIES' infringement of the copyrighted SATEEN, GMD INDUSTRIES' has wrongfully obtained and retained profits for itself and/or on behalf of VITRE from the sale of the SATEEN to third parties, in violation of the Copyright Act.

97.     The United States Copyright Act, 17 U.S.C. §504 allows for monetary relief for copyright infringement in the form of damages and profits.

98.     The United States Copyright Act, 17 U.S.C. §505 allows for attorneys' fees and costs.

WHEREFORE, for the foregoing reasons, Plaintiff, SKYLINE DESIGN, respectfully prays this

Honorable Court enter judgment in its favor and find that:

a. GMD INDUSTRIES, its agents, employees, successors and assigns, be preliminarily enjoined and thereafter permanently enjoined from using, constructing, producing, preparing, offering to sell, selling or distributing the design known as identity numbers 5120.0092 and/or 8968.4669 and/or any other architectural glass etching design identical or bearing any likeness to the SATEEN;

b. GMD INDUSTRIES, its agents, employees, successors and assigns, be ordered to deliver under oath, to be impounded during the pendency of this action, all articles alleged to infringe SKYLINE'S copyrighted architectural glass etching design called the SATEEN;

c. GMD INDUSTRIES, its agents, employees, successors and assigns, be ordered to deliver under oath for destruction all infringing blueprints, photocopies, plans and other means for making such infringing copies;

d. GMD INDUSTRIES has infringed SKYLINE's copyrighted SATEEN;

e. GMD INDUSTRIES be ordered to pay to SKYLINE all damages suffered by SKYLINE due to RG GLASS' unlawful acts as well as all profits which GMD INDUSTRIES has made for itself and/or for the benefit of VITRE from such infringing acts, and damages that include SKYLINE's costs and expenses;

f. GMD INDUSTRIES be granted an Accounting of the costs, sale, net profits and gross profits associated with the making and sale of any design which is a duplication, reproduction or bears likeness to the SATEEN, including but not limited to the design known as identity numbers 5120.0092 and/or 8968.4669; and

g. SKYLINE be granted any other relief this Court deems fair and just.

## COUNT IV
### (in the alternative)
## UNJUST ENRICHMENT
### (GMD INDUSTRIES)

99. SKYLINE repeats and restates paragraphs 1 through 28 of this COMPLAINT as if fully set forth as paragraphs 1 – 28 of Count IV.

100. Upon information and belief, GMD INDUSTRIES has benefited from its wrongful and unauthorized use of SKYLINE's SATEEN in the purchasing, sale and/or distribution of designs which are reproductions, duplications or bear any likeness thereof to the SATEEN, including but not limited to VITRE's design known as identity numbers 5120.0092 and 8968.4669.

101.    GMD INDUSTRIES has not entered into a license agreement for such use, paid any royalty or other fees to SKYLINE in return for that benefit.

102.    GMD INDUSTRIES' failure to compensate SKYLINE constitutes unjust enrichment and has damaged SKYLINE.

WHEREFORE, for the foregoing reasons, SKYLINE respectfully requests this Honorable Court enter judgment in its favor on Count IV of its COMPLAINT and any other relief it deems fair and just.

## COUNT V-
## VIOLATION OF THE ILLINOIS CONSUMER FRAUD
## AND DECEPTIVE BUSINESS PRACTICES ACT
### (VITRE)

103.    SKYLINE repeats and restates paragraphs 1 through 28 of this COMPLAINT as if fully set forth as paragraphs 1 – 28 of Count V.

104.    In carrying out the acts described above, VITRE has violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*

WHEREFORE, for the foregoing reasons, SKYLINE respectfully requests this Honorable Court enter judgment in its favor on Count V of its COMPLAINT and any other relief it deems fair and just.

## COUNT VI
## (in the alternative)
## COMMON LAW UNFAIR COMPETITION
### (VITRE)

105.    SKYLINE repeats and restates paragraphs 1 through 28 of this COMPLAINT as if fully set forth as paragraphs 1 – 28 of Count IV.

106.    The acts described above reflect VITRE'S plan and actions by which it knowingly, without authority, consent or privilege, created, placed on the marketplace and sold a product identical to the copyrighted SATEEN.

15

107.    VITRE's conduct dilutes the value of the SATEEN, designed and created by SKYLINE's substantial expenditure of money, effort and service.

108.    Such conduct constitutes unfair competition with SKYLINE in violation of the common law of the State of Illinois.

109.    This unfair competition is causing monetary damages to be suffered by SKYLINE.

110.    Unless VITRE's continuing unfair competition is restrained and enjoined by this Court, SKYLINE will continue to suffer irreparable harm and injury.

WHEREFORE, for the foregoing reasons, SKYLINE respectfully requests this Honorable Court enter judgment in its favor on Count VI of its COMPLAINT and any other relief it deems fair and just.

## COUNT VII-
## VIOLATION OF THE ILLINOIS CONSUMER FRAUD
## AND DECEPTIVE BUSINESS PRACTICES ACT
### (GMD INDUSTRIES)

111.    SKYLINE repeats and restates paragraphs 1 through 28 of this COMPLAINT as if fully set forth as paragraphs 1 – 28 of Count VII.

112.    In carrying out the acts described above, GMD INDUSTRIES has violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*

WHEREFORE, for the foregoing reasons, SKYLINE respectfully requests this Honorable Court enter judgment in its favor on Count VII of its COMPLAINT and any other relief it deems fair and just.

## COUNT VIII
### (in the alternative)
## COMMON LAW UNFAIR COMPETITION
### (GMD INDUSTRIES)

113.    SKYLINE repeats and restates paragraphs 1 through 28 of this COMPLAINT as if fully set forth as paragraphs 1 – 28 of Count VIII.

114.    The acts described above reflect GMD INDUSTRIES' plan and actions by which it knowingly, without authority, consent or privilege, purchased, sold, and/or distributed a product identical to the copyrighted SATEEN.

115.    GMD INDUSTRIES' conduct dilutes the value of the SATEEN, designed and created by SKYLINE's substantial expenditure of money, effort and service.

116.    Such conduct constitutes unfair competition with SKYLINE in violation of the common law of the State of Illinois.

117.    This unfair competition is causing monetary damages to be suffered by SKYLINE.

118.    Unless GMD INDUSTRIES' continuing unfair competition is restrained and enjoined by this Court, SKYLINE will continue to suffer irreparable harm and injury.

WHEREFORE, for the foregoing reasons, SKYLINE respectfully requests this Honorable Court enter judgment in its favor on Count VIII of its COMPLAINT and any other relief it deems fair and just.

## COUNT IX-
## ILLINOIS DECEPTIVE TRADE PRACTICES ACT
### (VITRE)

119.    SKYLINE repeats and restates paragraphs 1 through 28 of this COMPLAINT as if fully set forth as paragraphs 1 – 28 of Count IX.

120.    In carrying out the acts described above, VITRE has sought, among other trade practices, (a) to pass off the design known as identity numbers 5120.0092 and 8968.4669 as its own creation and design, (b) to pass off any of its other designs it may have created which are duplicates, reproductions or bear a likeness to the SATEEN as its own creation and design, (c) to cause a likelihood of confusion or misunderstanding as to the original source, creator, designer and owner of the copyrighted SATEEN, and (d) to cause a likelihood of confusion or misunderstanding as to its

affiliation, connection or association with SKYLINE.

121.    VITRE'S actions therefore violate the Illinois Deceptive Trade Practices Act, 815 ILCS 510/1 et seq., and constitute willful violations of that Act.

WHEREFORE, for the foregoing reasons, SKYLINE respectfully requests this Honorable Court enter judgment in its favor on Count IX of its COMPLAINT and any other relief it deems fair and just.

**COUNT X-**
**ILLINOIS DECEPTIVE TRADE PRACTICES ACT**
**(GMD INDUSTRIES)**

122.    SKYLINE repeats and restates paragraphs 1 through 28 of this COMPLAINT as if fully set forth as paragraphs 1 – 28 of Count X.

123.    In carrying out the acts described above, GMD INDUSTRIES has sought, among other trade practices, (a) to pass off the design known as identity numbers 5120.0092 and 8968.4669 as VITRE'S own creation and design, (b) to pass off any of its and/or VITRE'S other designs VITRE and/or GMD INDUSTRIES may have created which are duplicates, reproductions or bear a likeness to the SATEEN as its own creation and design, (c) to cause a likelihood of confusion or misunderstanding as to the original source, creator, designer and owner of the copyrighted SATEEN, and (d) to cause a likelihood of confusion or misunderstanding as to its affiliation, connection or association with SKYLINE.

124.    GMD INDUSTRIES' actions therefore violate the Illinois Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*, and constitute willful violations of that Act.

WHEREFORE, for the foregoing reasons, SKYLINE respectfully requests this Honorable Court enter judgment in its favor on Count X of its COMPLAINT and any other relief it deems fair and just.

Respectfully Submitted,

**SKYLINE DESIGN, INC.** *Plaintiff*

By:      */s/ Richard C. Perna*
_____
One of Its Attorneys

Richard C. Perna - ARDC# 06193236
Tejal S. Desai- ARDC#6280834
FUCHS & ROSELLI, LTD.
440 West Randolph Street, Suite 500
Chicago, Illinois 60606
Tel: (312) 651-2400
Fax: (312) 651-2499



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America



Form VA
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

VA 1-364-683

EFFECTIVE DATE OF REGISTRATION

MAY 09 2006
Month    Day    Year

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1**
Title of This Work ▼
Sateen

NATURE OF THIS WORK ▼ See Instructions
Decorative Architectural Glass Etching

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼
Weaves + Textures

If published in a periodical or serial give: Volume ▼ Contract Magazine   Number ▼ Volume 45, Issue 5   Issue Date ▼ May 2003   On Pages ▼ Masthead page 16

**2**
NAME OF AUTHOR ▼
a    Skyline Design, Inc.

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of USA
Domiciled in _____

Was This Author's Contribution to the Work
Anonymous?    ☐ Yes ☑ No
Pseudonymous?  ☐ Yes ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

NOTE
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

Nature of Authorship Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☑ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

b    Name of Author ▼

Dates of Birth and Death
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of _____
Domiciled in _____

Was This Author's Contribution to the Work
Anonymous?    ☐ Yes ☐ No
Pseudonymous?  ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

**3**
a  Year in Which Creation of This Work Was Completed    2003
Year   This information must be given in all cases.

b  Date and Nation of First Publication of This Particular Work approx. *
Complete this information ONLY if this work has been published.
Month May   Day 1   Year 2003
Nation United States of America

**4**
COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Skyline Design, Inc.
1240 North Homan
Chicago, IL 60651

APPLICATION RECEIVED
MAY 09 2006
ONE DEPOSIT RECEIVED
MAY 09 2006
TWO DEPOSITS RECEIVED

FUNDS RECEIVED

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

MORE ON BACK ▶ • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.  • Sign the form at line 8.

DO NOT WRITE HERE

EXHIBIT
A

\* Amended by C.O. per authority of Steve
Maynard via e-mail dated 7/17/06.

| EXAMINED BY | | FORM VA |
| CHECKED BY | | |
| ☑ CORRESPONDENCE<br>☐ Yes | | FOR<br>COPYRIGHT<br>OFFICE<br>USE<br>ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes ☑ No If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼          Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**6**

a

See instructions
before completing
this space.

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼                              Account Number ▼

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Steven A. Maynard                    300 West Grand # 412
Conduit Technology Partners, LLC     Chicago, IL 60610

b

Area code and daytime telephone number  ( 312 ) 203 – 2898          Fax number  ( 312 ) 661 – 0197

Email  smaynard@conduittech.com

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the

check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of  author, Skyline Design, Inc.
                        Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Charles Ryan                                          Date  March 30, 2006

Handwritten signature (X) ▼

X _____

| Certificate<br>will be<br>mailed in<br>window<br>envelope<br>to this<br>address: | Name ▼<br>Steven A. Maynard |
| | Number/Street/Apt ▼<br>300 West Grand # 412 |
| | City/State/ZIP ▼<br>Chicago, IL 60610 |

**9**

**\*17 U.S.C. § 506(e):** Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev: August 2003—30,000   Web Rev: June 2002   ⊕ Printed on recycled paper                    U.S. Government Printing Office: 2003-496-605/60,029





# FUCHS & ROSELLI, LTD.

A T T O R N E Y S   A T   L A W

Chicago • Wheaton

Suite 500
440 West Randolph Street
Chicago, Illinois 60606

Telephone 312.651.2400
Facsimile 312.651.2499

Suite A
400 South Knoll Street
Wheaton, Illinois 60187

Telephone 630.668.5050
Facsimile 630.690.8104

May 29, 2008

Tejal S. Desai
Direct: 312.651.2438
tdesai@frltd.com

**VIA FACSIMILE AND CERTIFIED MAIL, RETURN RECEIPT**

Vitre, Inc.
c/o Spiegel & Utrera, P.A., P.C.
1 Maiden Lane, 5th Floor
New York, NY 10038

**VIA FACSIMILE AND CERTIFIED MAIL, RETURN RECEIPT**

George B. Rodriguez
GMD Industries
129-20 18 Avenue
College Point, NY 11356

**VIA FACSIMILE AND CERTIFIED MAIL RETURN RECEIPT**

Robert B. Wessel
Vitre, Inc.
140 Riverside Drive, Suite 19F
New York, NY 10024

**Re:    VITRE AND GMD INDUSTRIES' USE OF DESIGNS LICENSED TO SKYLINE DESIGN, INC.**

To Whom It May Concern:

Please be advised that this firm serves as litigation counsel to Skyline Design, Inc. ("Skyline") in connection with the above captioned matter and any litigation which may ensue.

It has come to our attention that Vitre and GMD is intending or may be currently violating Skyline's registered copyright of a certain design pattern known in the industry as Sateen.  We have been informed by my client, that Vitre and GMD is currently duplicating the same design that Skyline has a valid copyright since 2006 and has been selling for over three years.



EXHIBIT

C

Spiegel & Utrera, P.A., P.C.
George B. Rodriguez
Robert B. Wessel
May 29, 2008
Page 2

The use of the Sateen design without the express written permission of Skyline is an improper, unlawful and actionable violation of our client's protected interest in the property. Vitre and GMD are hereby notified that Skyline Design does not consent to Vitre and/or GMD's use of the design, pattern or likeness for any other purpose.

I have attached a copy of the Certificate of Registration and a photo of the product for your review. I have also enclosed for your review a picture indicting a Vitre design with the marking 5180.0092 next to an example of the Sateen copyrighted design. As you can plainly see, the designs are identical. Additionally, we have been informed by our client that Vitre has another design identified as 8968.4669 that may be or is also infringing on the Sateen copyrighted design.

By this letter, Skyline seeks to raise and preserve, *via* immediate civil litigation if need be, all of its rights and remedies resulting from Vitre and/or GMD's present and future actions (and omissions) which, when held to the current standards of Illinois and Federal law, evidence an intentional violation.

Please let this letter serve as written notice of our demand, on behalf of Skyline, that Vitre and GMD immediately cease and desist the actions set forth above and that Vitre and GMD immediately refrain from making any use, duplication or reproduction of the Sateen design or any likeness thereof. To the extent the actions undertaken by Vitre and GMD thus far have been clearly intentional and in direct violation of Skyline's copyright, Vitre and GMD have engaged in a course of conduct of the type which typically warrants an award of punitive relief.

Consequently, we are demanding that both Vitre and GMD provide no later than close of business June 5, 2008 its written acknowledgment that Vitre and GMD have immediately taken all steps necessary to comply with the demands of this letter. If we do not receive an unconditional acknowledgment that Vitre and GMD have stopped all use of the design, pattern or likeness which in anyway resembles the Sateen design we will recommend that Skyline commence litigation at once to secure Vitre and GMD's compliance *via* court order.

Further, in as much as Vitre and GMD have or are currently profiting from their respective use of the Sateen design, Skyline will seek to recover its losses. As a result, we hereby demand that both Vitre and GMD disclose all purchases, sales, profits, and orders of any pattern which is similar to the Sateen design, and the names of all entities who have or are currently in possession of the product identical to the Sateen design, including but not limited to 5180.0092 and 8968.4669. Furthermore, if Vitre and/or GMD were and/or are manufacturing, marketing, and/or selling a product that is identical to the Sateen design on behalf of a third party, we hereby demand that Vitre and GMD disclose the identity of any and all third parties. As such, we would request copies of all records regarding the above along with a certificate of completeness prior to the close of business on June 5, 2008.

Spiegel & Utrera, P.A., P.C.
George B. Rodriguez
Robert B. Wessel
May 29, 2008
Page 3

While you may proceed in whatever manner Vitre and GMD sees fit, it would be an error in judgment on your part to underestimate either our sincerity or the strength of our client's resolve in seeing to it that its rights to the exclusive use of the Sateen design is protected.

Very truly yours,

FUCHS & ROSELLI, LTD.

Tejal S. Desai

TSD/lg
cc: Skyline Design, Inc.

# Vitre, inc.

140 Riverside Drive, 19th Floor, New York, NY 10024
Phone: 212 706 7683 * Fax: 1 866 279 6371 * e-mail: rbwessel@vitre.us

June 5, 2008

Tejal S. Desai
Fuchs & Roselli, Ltd.
Suite 500
440 West Randolph Street,
Chicago, Il 60606

**Regarding: your letter claiming Vitre and GMD Industries' alleged use of a licensed design.**

Dear Tejal S. Desai,

I would not normally respond to a letter that claims to know what I am or am not thinking and threatens legal action based on those alleged thoughts; however as a certified educator of architects I felt it necessary to respond, as your understanding and education in glass is incomplete.

While there are several points to address; the most obvious flaw; is your understanding of glass, to base an opinion regarding a three dimensional object on a two dimensional image, is simply unprofessional. What appears to be an 'obvious copy' to you; looks like something that is clearly different to anyone without an unbiased point of view. You claim some blatant attempt at infringing on your client's questionable copyright when the origins of pattern 5180.0092 are not at all sinister. As per our standard operating procedure the architect requested a sample; "a linear blind pattern with lines on both sides". We simply made the sample per their design requirement.

Surprisingly you also seem to be unfamiliar with general copyright law...

In the documents you provided, your copyright was awarded, in part, as an 'architectural work'; how did that happen? 'An "architectural work" is the design of a building as embodied in any tangible medium of expression, including a building, architectural plans, or drawings. The work includes the overall form as well as the arrangement and composition of spaces and elements in the design, but does not include individual standard features.' It seems this was an error in filing and registration, I wonder how that will affect your copyright if it were contested?

The law also states 'A design is "original" only if it is the result of the designer's creative endeavor that provides a distinguishable variation over prior work pertaining to similar articles which is more than merely trivial and has not been copied from another source'. (See attached photos.) Your client's design is not unique, innovative nor distinguishable from prior work.



# Vitre, inc.

140 Riverside Drive, 19th Floor, New York, NY 10024
Phone: 212 706 7683 * Fax: 1 866 279 6371 * e-mail: rbwessel@vitre.us

Page 2:

Lastly, it also states one cannot use a staple or commonplace… motif, shape, pattern, or configuration which has become standard, common, prevalent, or ordinary; (like a linear blind pattern) and that 'insignificant details or elements which are variants commonly used in the relevant trades' do not warrant exclusivity.

While you and your client are free to attempt to play any game you wish; your client is claiming to have a copyright on a design that has been around for some time, I am sure there are examples of double sided linear patterns in the British Museum that date back to ancient times, but certainly precede your copyright. In addition double sided linear patterns have been in common use in this country for at least a hundred years and in Europe for centuries. While your client may hold a copyright I can not imagine that any responsible court would uphold it as valid when faced with overwhelming evidence to the contrary. However as long as this doesn't affect our ability to do business, we don't actually care if your client wants to claim 'ownership' of something they clearly didn't create.

Lastly as my memory serves me, I recall that we made this pattern in 2005 for Rockwell for a project in Battery Park, which would indicate that you actually copied a Vitre pattern designed by a prominent architectural firm. I will be sure to check into that as time allows.

At the end of the day Vitre, and to my knowledge, GMD only do custom work based on designs supplied to us by architects. If either of these designs somehow infringes on your client's questionable copyright; then you should direct your concerns and letters to the architectural firm that designed the glass. I will look forward to hearing how that turns out.

As to your general claims; Vitre does not copy other companies work regardless of its origin; it is simply not the way we do business. We do not copy designs; we do not even have designs of our own. Our business model directs us to make and/or seek samples as specifically requested, exclusively, by architects for a given application and to show samples that represent the possibilities in glass. As far as fabrication, unlike other firms, we only seek projects and produce glass that we have been specified for. This specification again comes from architects that request, receive and approve samples, based on their personal or corporate designs and/or design criteria.

The sample referred to as Vitre part number 5180.0092 is based on the architects blind pattern design requirements, the lines are uniform in thickness, the spacing is somewhat random and they are on both sides, we based the design completely and exclusively on the architect's design criteria and request. In any case this design has been set aside and will not be used.

It is interesting that you have a picture of glass that we don't intend to use and have based your long winded and uninformed opinion, in part, on it, yet do not seem to have a picture of another pattern, designed by the architect, that you claim "may be…

# Vitre, inc.

**140 Riverside Drive, 19th Floor, New York, NY 10024**
**Phone: 212 706 7683 * Fax: 1 866 279 6371 * e-mail: rbwessel@vitre.us**

Page 3

infringing on the Sateen copyright". Fortunately, your photo proves the Sateen design pattern is not similar to either of the architect's designs; but more specifically and especially to the architect's design know as Vitre part number 8968.4669 which is a simple blind pattern that even your client acknowledges as 'classic'.

Vitre and, as far as I know, GMD do not stock and have not made any product that would be considered similar to or based on any of your client's patterns.

While I am sure that you do this all the time in an effort to capture business your client otherwise would not be awarded, the tone and attitude in your letter implies a level of superiority that, frankly, I don't understand. You claim to be able to read minds, you missed the mark there; your client has taken credit for design work that is not theirs, when it is not even unique; and you make demands that would suppose that there is some sort of obligation to you that simply does not exist.

While you and your client are free to do what you like, please don't underestimate my resolve to make sure that we and others are treated fairly and will take advantages of all the protections afforded to us by the same laws you and your client wish to exploit.


Sincerely,

Robert B. Wessel
VP of Sales and Marketing





